## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIGEL DEDIEECE CARTER,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-0364** |
| | : | |
| **CROZIER HOSPITAL,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**PEREZ, J.**                                                                                    **June 1, 2023**

**2023**

Plaintiffs Nigel Dedieece Carter ("Carter"), a pretrial detainee currently housed at SCI Coal Township, and Lacieya Rosalee Stevens ("Stevens") initiated this civil action by filing a *pro se* Complaint (ECF No. 1 "Compl."),[1] on behalf of themselves and their minor son, L.K.C.,[2] against Crozier Hospital ("Crozier"). In addition to the Complaint, currently before the Court are (1) Carter's Motion for Leave to Proceed *In Forma Pauperis* and his prisoner trust fund account statement (ECF Nos. 3-4); (2) an "Application for the Court to Request Counsel" (ECF No. 5); (3) a Motion for Leave to Amend Complaint (ECF No. 8); (4) a Motion to Appoint Counsel for

---

[1] Stevens failed to sign the Complaint in accordance with Federal Rule of Civil Procedure 11. Accordingly, the Court directed her to cure this deficiency by signing a Declaration, which she has since done. (ECF Nos. 6 & 12.)

[2] Carter and Stevens included their minor son's full name in their Complaint (ECF No. 1), Motion for Leave to Amend Complaint (ECF No. 8), and Motion to Appoint Counsel for Minor L.K.C. (ECF No. 10). Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. The Clerk of Court will be directed to mark these documents as case participants view only. Carter and Stevens are directed to refrain from including the minor's full name in future filings.

Minor L.K.C. (ECF No. 10); and (5) Stevens's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 11).

Because it appears that neither Carter nor Stevens can afford to pay the filing fee, the Court will grant both of them leave to proceed *in forma pauperis*. The motion to amend the Complaint will be granted[3] and, for the following reasons, the Complaint will be dismissed. All claims asserted on behalf of L.K.C. will be dismissed without prejudice. All federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The state law claims asserted by Carter and Stevens will be dismissed without prejudice for lack of subject matter jurisdiction. The motions to appoint counsel will be denied.

## I.   FACTUAL ALLEGATIONS

On January 29, 2021, Carter discovered L.K.C. in his crib with shortness of breath following an afternoon nap. (Compl. at 5.)[4] Stevens, who had just arrived home, called 911, and an ambulance arrived within ten minutes. (*Id.*) Prior to being placed in the ambulance, L.K.C.'s eyes "were open and blinking as he struggled taking deep quick short breaths." (*Id.*) Following L.K.C.'s arrival at Crozier, Carter's sister and Stevens witnessed "a medical team on video fail to insert an IV by drilling several holes in [L.K.C.'s] body including a hole in his neck." (*Id.*) According to the Complaint, L.K.C. tested positive for COVID-19, suffered cardiac arrest resulting in a loss of oxygen to his brain, and experienced a "significant amount of blood loss that [caused] him to be hospitalized [at Crozier] for 2 months." (*Id.*) The loss of blood caused

---

[3] Although titled as a motion for leave to file an amended complaint, Carter actually seeks to substitute just one page of his Complaint. (ECF No. 8.) The substitution does not alter the claims in the Complaint, but merely changes the phrase "money damages" to "monetary relief" in the relief section of the form Complaint. Carter's motion will be granted, and the Court will liberally construe the original Complaint (ECF No. 1) as including the additional page (ECF No. 8 at 3) attached to the motion.

[4] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

L.K.C. to have to be treated with "a life dependent unwanted [blood] transfusion" and "feeding tube." (*Id.* at 6.)  The Complaint further asserts that a "9 month CYS investigation" followed, which was "based on false accusations." (*Id.* at 5.)

Plaintiffs assert that "Crozier's malpractice" implicates the following rights guaranteed under the United States Constitution:  (1) their First Amendment "right to 'the free exercise' of their religious belief in no blood transfusion;" (2) their Fourth Amendment "right 'to be secure in their persons against unreasonable searches;'" (3) their Eighth Amendment right to be free from "cruel and unusual punishments;" and (4) their Fourteenth Amendment right "to not 'deny any person within its jurisdiction the equal protection of the laws.'" (*Id.* at 6.)  Plaintiffs also refer to the Seventh, Ninth, and Tenth Amendments of the United States Constitution and various sections of Articles I and III of the Pennsylvania Constitution. (*Id.* at 7-9.)  Plaintiffs seek an unspecified amount of monetary damages for "loss of blood and unwanted transfusion, . . . post-partum suffered by [Stevens], . . . PTSD suffered by [Carter]," loss of wages and apartment, as well as health care expenses for L.K.C. "until he is 18 years old." (*Id.* at 6.)

## II.   STANDARD OF REVIEW

The Court will grant Carter[5] and Stevens leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

---

[5]  However, because he is a prisoner, Carter must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Carter and Stevens are proceeding *pro se*, the Court construes their allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.  Claims on Behalf of L.K.C.

Carter and Stevens assert that they are the parents of L.K.C., and they identify him as one of the Plaintiffs in this case.  (Compl. at 3, 5.)  However, Carter and Stevens may not represent their son in this civil action or bring claims of his behalf.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).  However, a non-attorney cannot represent other parties in federal court.  *See Murray on*

4

*behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) ("The federal courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (internal citation and quotation omitted). *See also Smith v. Northampton Cty.*, No. 22-3788, 2023 WL 1767765, at *4 (E.D. Pa. Feb. 3, 2023) ("The Third Circuit has held, unequivocally, that a parent who is not an attorney must be represented by legal counsel in bringing an action on behalf of his or her minor children." (citing *Osie-Afriyie*, 937 F.3d at 878.))

Moreover, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted.). Courts have found specifically that parents lack standing to bring claims for their minor children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter."). Accordingly, all claims asserted on behalf of L.K.C. will be dismissed without prejudice for lack of standing.

**B.  Claims on Behalf of Nigel Dedieece Carter and Lacieya Rosalee Stevens**

Based on the allegations in the Complaint, the Court understands Carter and Stevens to be asserting claims against Crozier with respect to the treatment L.K.C. received there on January 29, 2021. (Compl. at 5-6.) It is apparent that they intend to pursue civil rights claims pursuant to § 1983. (*Id.* at 2, 6-7.) The Court will liberally construe the Complaint as also

raising tort claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (explaining that when a Court is presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

### 1. Federal Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law— i.e., whether the defendant is a state actor— depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Carter and Stevens cannot maintain their federal constitutional claims against Crozier because Crozier is not a state actor for purposes of § 1983.  *See Howard v. Einstein Hosp.,* No. 20-1101, 2020 WL 4584035, at *4 (E.D. Pa. Aug. 10, 2020) (Robreno, J.) (section 1983 "claim against Einstein Medical Center would not be plausible because private hospitals and their

employees are generally not 'state actors' subject to liability under § 1983") (citing *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004)); *Chrupcala v. Chester Cty. Hosp.*, No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that Defendants Chester County Hospital and its privately employed nurse were not state actors, and, therefore, could not face liability under 42 U.S.C. § 1983). Accordingly, the section 1983 claims against Crozier will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### 2. State Law Claims

To the extent that Carter and Stevens seek to raise claims under the Pennsylvania Constitution (Compl. at 7-9), such claims are not plausible because "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).

Further, Carter and Stevens may have intended to raise state law claims, such as medical malpractice or negligence, against Crozier. Because the Court has dismissed their federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the

state where he is domiciled, meaning the state where he is physically present and intends to

remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of

a prisoner before his imprisonment presumptively remains his domicile during his

imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a

citizen of the state in which it was incorporated as well as where it has its principal place of

business.  *See* U.S.C. § 1332(c)(1).  It is the plaintiff's burden to establish diversity of

citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co.,*

*Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity

cases, the plaintiff must demonstrate complete diversity between the parties and that the amount

in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL

3498131, at *8 (E.D. Pa. June 26, 2020).

Carter and Stevens do not allege the citizenship of the parties or specify an amount in

controversy.  Because the allegations do not explicitly reveal the Defendant's citizenship for

purposes of plausibly establishing diversity of citizenship, Plaintiffs have failed to meet their

burden of demonstrating that this Court has subject matter jurisdiction over any state law tort

claims they may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler*

*Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL

1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity

between the parties. . . .  [N]o single Plaintiff may be a citizen of the same state as any single

Defendant.") (citations omitted).  Accordingly, any state law claims against Crozier will be dismissed without prejudice.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Carter and Stevens leave to proceed *in forma pauperis* and dismiss their Complaint.  All claims asserted on behalf of L.K.C. are dismissed without prejudice.  Carter's and Stevens's federal claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the state law claims of Carter and Stevens are dismissed without prejudice for lack of subject matter jurisdiction.  The Court concludes that amendment would be futile because Carter and Stevens cannot cure the noted deficiencies in the Complaint.  However, the dismissal of the state law claims is without prejudice to Carter and Stevens refiling their state law claims in state court, where federal jurisdiction will not be an issue.  Given this resolution, the motions to appoint counsel are denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**MIA R. PEREZ, J.**